# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TONYA ANDERSON,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DIAMONDBACK INVESTMENT GROUP, LLC,**<br><br>*Defendant*. | **CASE NO.: 1:21-CV-778** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Tonya Anderson ("Anderson"), and complaining of the Defendant, Diamondback Investment Group, LLC ("Diamondback"), alleges the following to be true:

### INTRODUCTION

1      This action arises from Diamondback's termination of Anderson based on her lawful use of CBD oil to treat a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and N.C. Gen. Stat § 95-28.2.

2      Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3**     Anderson is a resident of Guilford County, North Carolina, and is neither a minor nor incompetent.

**4**     Diamondback is a domestic corporation with offices in Guilford County, North Carolina, and a registered agent in Guilford County, North Carolina.

**5**     This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    **5.1**     28 U.S.C. § 1331, as the action arises out of 42 U.S.C. § 12101 *et seq.*;

    **5.2**     With regard to Plaintiff's state law claims, 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy as those giving rise to original jurisdiction.

**6**     This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    **6.1**     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    **6.2**     N.C. Gen. Stat. § 1-75.4(c) and (d), as Diamondback was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

-2-

Case 1:21-cv-00778-LCB-JLW   Document 1   Filed 10/07/21   Page 2 of 7

6.3    N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Anderson's person or property.

7    Venue is proper in this Court pursuant to any/all of the following:

7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

8    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina;

## STATEMENT OF THE FACTS

9    Anderson has anxiety and chronic pain which she treats with over-the-counter CBD products on her doctor's orders.

10    Diamondback hired Anderson as a Contract Liaison in October 2020 to handle commercial real estate contracts.

11    Diamondback required Anderson to take a drug test, which she failed, testing positive for low levels of THC, the main psychoactive compound in marijuana.

12    Anderson did not and does not consume marijuana.

13    After she failed the drug test, Anderson explained to Co-Owner Zack Tran and VP of Acquisitions Brad Yoder ("Yoder") that she took CBD under doctor's orders for her disabilities.

14    Yoder asked Anderson to retake the drug test, which she again failed.

15      Yoder commented that he did not know why the owners were being such sticklers because she had explained it and the levels of THC were very low, but he recommended Anderson get a note from her doctor.

16      Anderson got a note from her doctor saying that she took over-the-counter CBD on doctor's orders for her disabilities and that CBD can cause drug tests to come back positive for marijuana.

17      On January 4, 2021, Anderson was terminated for failing her drug tests.

18      Diamondback has 15 or more employees.

19      Anderson filed a charge with the EEOC and was issued a notice of right to sue on July 13, 2021.

## FIRST CAUSE OF ACTION
### Failure to Accommodate
*42 U.S.C. § 12101* et seq.

20      Anderson has a disability within the meaning of the statute.

21      Diamondback was aware of Anderson's disability.

22      With the reasonable accommodation of allowing Anderson to have over-the-counter CBD, Anderson could perform the essential functions of her position.

23      Diamondback refused to make such accommodations.

## SECOND CAUSE OF ACTION
### Disability Discrimination
*42 U.S.C. § 12101* et seq.

24      Anderson was a qualified individual with a disability.

25      Anderson was discharged.

26      Anderson was fulfilling her employer's legitimate expectations at the time of her discharge.

27      The circumstances of Anderson's discharge raise a reasonable inference of unlawful discrimination.

## THIRD CAUSE OF ACTION
### Discrimination for Lawful use of Lawful Products During Nonworking Hours
*N.C. Gen. Stat. §95-28.2*

28      Anderson engaged in the lawful use of a lawful product: CBD.

29      Anderson's CBD use was during non-working hours.

30      Anderson's use did not adversely affect her job performance or the safety of other employees.

31      Anderson was discharged.

32      There was a causal connection between Anderson's protected use of a lawful product and her termination.

## PRAYER FOR PUNITIVE DAMAGES

33      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

   33.1      Malice;

   33.2      An evil motive; and/or

   33.3      Callous indifference to a federally protected right.

34      Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

35      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1      Enter Judgment for Anderson against Defendant on all causes of action contained herein;

2      Award Anderson damages, including punitive damages, in an amount to be determined at trial;

3      Tax the costs of this action against Defendant and award Anderson reasonable attorney fees as permitted by law, and;

4      Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 7th day of October 2021,*

/S/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

> DIAMONDBACK INVESTMENT GROUP, LLC
> c/o Jennifer N. Fountain
> 804 Green Valley Road, Suite 200
> Greensboro, NC 27408
> *Defendant*

/S/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com